## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| QUARTEZ T. THOMAS, | : |
| **Plaintiff,** | : |
| v. | : Case No. 4:22-cv-00167-CDL-MSH |
| MUSCOGEE COUNTY SHERIFF'S OFFICE, *et al.*, | : |
| **Defendant.** | : |

## ORDER

*Pro se* Plaintiff Quartez T. Thomas, an inmate at the Muscogee County Jail in Columbus, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. On January 6, 2023, the United States Magistrate Judge conducted a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). ECF No. 11. The Magistrate Judge found that Plaintiff's over eighty-page complaint naming eighteen defendants failed to "comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint … to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.'" *Id*. at 1. More specifically, Plaintiff was notified that his complaint was "a typical shotgun pleading". *Id*. at 2. He was advised that the "Eleventh Circuit has… established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp*., 305 F.3d 1293, 1296 (11th Cir. 2002)". *Id*. at 3. He was further advised that "a shotgun pleading presents conditions where it is virtually impossible to

know which allegations of fact are intended to support which claim(s) for relief'". *Id*. at 2 (internal citations omitted).

Rather than recommending dismissal, the Magistrate Judge afforded the Plaintiff an opportunity to amend his complaint. *Id*. at 4. Plaintiff was provided a detailed roadmap on how to allege a claim against a Defendant and was instructed that if he failed to link a claim to a Defendant then the claim would be dismissed. *Id*. at 3-4. Plaintiff was cautioned that "the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his current incarceration as he appears to have done in his original complaint". *Id*. at 4. Plaintiff was explicitly instructed that the "recast complaint must be no longer than ten (10) pages in its entirety". *Id*. at 6. Lastly, Plaintiff was unambiguously advised that this "civil action may be dismissed in its entirety for failure to follow an order of the Court". *Id*.

On January 23, 2023, Plaintiff requested an extension of time to recast his complaint (ECF No. 12) which was immediately granted (ECF No. 13). One week later, on January 30, 2023, Plaintiff filed a motion to "file excess pages" asking that he be allowed 20 pages for his recast complaint. ECF No. 14. Plaintiff stated that he intends to raise "more than one violation of rights which are entwine with each other" and that "it would prejudice Plaintiff to stuff 25 Defendants in 10 pages". *Id*. The Magistrate Judge conveyed his concern "that Plaintiff is drafting yet another impermissible shotgun complaint and/or he is attempting to join unrelated claims in this civil action with now even more defendants than Plaintiff's original complaint". ECF No. 15 at 2. Plaintiff was reminded that he

2

"has been cautioned that… the Court may dismiss the entire civil action for the violation of a Court order if he fails to comply with the mandates previously set forth". *Id*. at 2-3. On January 31, 2023, Plaintiff's motion was granted in part, despite the Magistrate Judge's reservations that Plaintiff's plan to add even more Defendants would lead to yet another shotgun complaint. *Id*. at 3. Plaintiff was allotted an additional five pages to draft the recast complaint and was specifically ordered that his recast complaint "***cannot exceed fifteen (15) pages in its entirety***". *Id*. (emphasis from original). Plaintiff was further directed that he "must recast his complaint as instructed in this Order and the Court's order from December 2, 2022" and that "failure to follow the Court's instructions on drafting his amended complaint or failure to file the amended complaint on time may result in dismissal of this civil action". *Id*.

Plaintiff's twenty-seven page recast complaint dated January 30th was docketed in this Court on February 6, 2023. ECF No. 16. Plaintiff did not follow the Court's previous orders (ECF Nos. 11 and 15) in that he filed excessively more pages than allowed from either order of the Magistrate Judge. On February 24, 2023, Plaintiff then filed an objection (ECF No. 17) to the order granting him fifteen pages for his recast complaint (ECF No. 15). In his objection, Plaintiff requests that "the Honorable Judge grant in full the Plaintiff request of 20 page limit for recast complaint that Plaintiff has already turned into the Courts due to mail delay". *Id*. at 2. He further requests that the "Court to screen complaint and if it exceed 20 page request as well as raise unrelated claims outside of Rule 20 or F.R.CV.P then dismiss unrelated claim of the latter". *Id*. at 3.

3

It thus appears that Plaintiff objects to the Magistrate Judge's order denying his request for a twenty-page recast complaint and instead only granting the Plaintiff fifteen pages in which to state his claim. *See* ECF No. 17. "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order with 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

First, this Court finds that the Magistrate Judge did not impose any procedural requirements which would have limited Plaintiff's ability to present his case to the court. If anything, the Magistrate assisted the Plaintiff in that he was provided with a roadmap on how to properly plead a claim and applicable legal doctrines on doing so. *See* ECF No. 11. Moreover, even if the Magistrate had allowed Plaintiff the twenty pages he requested, Plaintiff's recast complaint would still have been in violation of the Court's order in that it contains twenty-seven pages. Accordingly, Plaintiff's objection and request to allow a twenty-page recast complaint (ECF No. 17) is **REJECTED** as moot, and the Magistrate Judge's Order limiting Plaintiff's recast complaint to fifteen pages is **AFFIRMED**.

Moreover, Plaintiff has filed yet another vague, conclusory, and impermissible shotgun pleading. *See* ECF No. 16. The roadmap in pleading a claim provided by the Magistrate Judge instructed Plaintiff to inform the Court "what was the extent of this

4

Defendant's role in the unconstitutional conduct". ECF No. 11 at 5. Plaintiff was further instructed that in pleading a claim against a supervisory official then he must advise the Court "was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?". *Id*. Despite the specific and wise counsel of the Magistrate Judge, Plaintiff's recast complaint is again an overly vague rambling diatribe against even more Defendants including but not limited to John/ Jane Doe Defendants. *See* ECF No. 16. For instance, Plaintiff repeatedly hypothesizes that the Defendants are part of "STG staff" and/or otherwise had covert meetings about him. *See id*. at 10-23. To that end, Plaintiff repeatedly references his "belief" that a Defendant is a part of "STG" rather than referring to any factual basis for his claim against that Defendant. *See id*. Thus, Plaintiff's recast complaint fails to connect Defendants to his claim of a Due Process violation by anything more than speculative and conclusory allegations.

This Court acknowledges that the Federal Rules of Civil Procedure permit some leniency in construing a *pro se* plaintiff's pleadings. The Federal Rules of Civil Procedure do, however, require a plaintiff to allege sufficient facts in a complaint to apprise the opposing party of the charges against it. *See Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973)[1] (stating that the complaint must give fair notice of plaintiff's claims). Here, Plaintiff's allegations are devoid of facts as to specifically what most of the

---

[1] Opinions of the Fifth Circuit issued prior to October 1, 1981, the date marking the creation of the Eleventh Circuit, are binding precedent on this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981) (en banc).

Defendants have done or not done to commit a constitutional violation.  *See* ECF No. 16. While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." *Twombly,* 550 U.S. at 555-6 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  Broad and conclusory allegations are insufficient to demonstrate that these Defendant have violated Plaintiff's civil rights in any way. *See Iqbal*, 556 U.S. at 679 (holding that pleadings containing no more than conclusions are not entitled to an assumption of truth).

In short, Plaintiff's pleading is once again a typical shotgun pleading.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).  "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022).  Moreover, a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief". *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996).  An overly vague complaint with multiple defendants qualifies as a shotgun pleading for its violation of Rule 8 of the Federal Rules of Civil Procedure.  *See Nurse*, 618 F. App'x at 990–91; *Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 164 (11th Cir.1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination

claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'").

"Shotgun pleadings wreak havoc on the judicial system." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001)). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner* 464 F.3d at 1279. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the courts ability to administer justice." *Anderson*, 77 F.3d at 367. Here, Plaintiff's complaint is exactly the type of shotgun pleading referenced as impermissible by the Eleventh Circuit in *Ebrahimi* and *Nurse* and is thus subject to dismissal. *Ebrahimi*,114 F.3d at 164; *Nurse*, 618 F. App'x at 990.

Furthermore, Plaintiff was given several warnings that failure to follow a court order can result in dismissal of this civil action. *See* ECF No. 11 at 6 ("Plaintiff's civil action may be dismissed in its entirety for failure to follow an order of the Court"); ECF No. 13 ("failure to follow the Court's instructions on the recasting of his complaint will result in dismissal of his complaint"); ECF No. 15 at 3 ("Plaintiff is cautioned that failure to follow the Court's instructions on drafting his amended complaint or failure to file the amended complaint on time may result in dismissal of this civil action"). Despite these numerous warnings, Plaintiff still submitted a recast complaint that far exceeded the page limit set by the Court. Thus. Plaintiff's complaint is further subject to dismissal for failure to follow

orders of the court.  Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order."); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.").  In cases "involving a *pro se* litigant who 'stubbornly violated the Federal Rules and court orders'", the Eleventh Circuit has explained that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Nurse*, 618 F. App'x 987 at 990 (*citing Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989)

Given the myriad deficiencies in Plaintiff's complaint and Plaintiff's failure to obey multiple Court Orders, dismissal without prejudice (and without effect on the statute of limitations if Plaintiff were to refile) is appropriate in this case.  Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED,** this 20th day of March, 2023.

S/Clay D. Land

CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT

8